IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | No. 11 CR 879 |
| ) | |
| ANTHONY JONES, ) | Judge Virginia M. Kendall |
| ) | |

## MEMORANDUM OPINION AND ORDER

On December 15, 2011, a federal Grand Jury indicted Defendant Anthony Jones in a one count Indictment charging that he distributed approximately 60 grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1). In a series of "Affidavits of Fact," Jones moved to dismiss the indictment for lack of jurisdiction. For the reasons set forth below, the "Affidavits" are denied.

## BACKGROUND

The Indictment charges that Jones distributed approximately 60 grams of a mixture and substance containing a detectable amount of cocaine base on July 8, 2010 in Joliet, Illinois. After Jones was indicted, he was arrested within the Northern District of Illinois on December 19, 2011.

Jones was arraigned on December 20, 2011 and appointed counsel at this time. (Doc. 8.) However, on January 23, 2012, appointed counsel moved to withdraw because she was unable to devote the time required to prepare Jones's defense. (Doc. 16.) The Court granted this motion and appointed new counsel from the Federal Defender program to represent Jones on February 1,

1

2012. (Doc. 18.) On October 19, 2012, this counsel moved to withdraw due to irreconcilable differences. (Doc. 33.) The appointed Federal Defender also represented that Jones directed her to file the motion to withdraw. (*Id.*) On October 25, 2015, Judge Pallmeyer granted this motion and appointed new counsel, Mr. Michael Falconer.[1] (Doc. 35.)

After Judge Pallmeyer appointed Mr. Falconer, Jones began to personally file documents with the Court titled either "Evidence: Affidavit of Fact" or "Commercial Affidavit of Truth and Fact." These affidavits all attacked the Court's jurisdiction over Jones. Specifically, the "affidavits" argue that: (1) the Court lacks subject matter jurisdiction over Jones's criminal case; (2) Title 18 U.S.C. § 3231, the statute that gives United States district courts original jurisdiction over all offenses against the laws of the United States, is unconstitutional; (3) the Indictment is invalid because the identity of the grand jurors were never disclosed; and (4) the Court lacks jurisdiction over Jones because he is a "Moorish National of the Moorish National government of the Republic of Illinois," i.e., a "sovereign citizen." Jones also filed an "Affidavit of Truth and Fact" that alleged that his attorney was incompetent and the case should be dismissed for this reason. (Doc. 54.)

The Court held a status hearing on February 7, 2013. (Doc. 47.) Jones's counsel informed the Court at this hearing that he was experiencing difficulties working with Jones. (Transcript of February 7, 2013 Status Hearing, at 3, 5.) However, the Court did not have the ability to question Jones about these difficulties because he refused to leave the Metropolitan Correction Center to attend the status hearing. The Court held another status hearing on February 14, 2013. (Doc. 48.) Jones refused to attend this hearing as well. (*See* Transcript of

---

[1] This case was temporarily assigned to Judge Pallmeyer while this Court was under consideration for the position of United States Attorney. (*See* Doc. 31.)

February 14, 2013 Status Hearing at 2, 4.) Jones's counsel informed the Court at this hearing that Jones also refused to meet with him when he attempted to visit Jones at the jail. (*Id.* at 3.) The Court then ordered Jones to be brought by the United States Marshals Service to Court for the next status hearing. (*Id.* at 5; Doc. 48.)

The Court held a status hearing on March 4, 2013. (Doc. 57.) At the beginning of the hearing, the Court conveyed to Jones that it was concerned that he was not working with his attorney. (*See* Transcript of March 4, 2013 Status Hearing, at 2.) The Court and Jones then had the following exchange:

> The Court: Okay. So I really need to know whether you are going to use Mr. Falconer as your attorney. Are you going to do that?
>
> Jones: No, I do not wish to enter into any contract with the corporation.
>
> The Court: Well, I don't know if there's a contract involved in his representation of you, but certainly he has an obligation and a duty to represent you fully. And in order to do that, he needs to be able to talk to you about the facts of your case and about your --- your theory of your defense. Are you talking with him about that?
>
> Jones: No, I do not wish to enter in any contracts with your corporation.
>
> The Court: I don't know what that means. You're just --- you're just babbling words that make no sense.
>
> Jones: Really I'm not babbling, your Honor. But I do not wish to have him represent me.
>
> The Court: He's not a corporation. He's an individual. So it makes no sense to say you don't want to enter into a contract with the corporation when there's a man standing to your right. Do you want Mr. Falconer to be your attorney today?
>
> Jones: No.

(*Id.* at 2-3). Later in the hearing, the Court again asked Jones whether he wanted Mr. Falconer to represent him, "[y]es or no?" (*Id.* at 6.) Jones replied "[n]o." (*Id.*) The Court allowed Mr.

3

Falconer to withdraw as Jones's counsel. (*Id.*) Then, in accordance with the Supreme Court's ruling in *Faretta v. California,* 422 U.S. 806 (1975),[2] the Court conducted a formal hearing to inform Jones about the dangers and disadvantages of proceeding as a *pro se* defendant. In particular, the Court explained that attorneys are better at identifying, researching and presenting legal issues to the Court than a *pro se* defendant. The Court informed Jones that as a result it would be much smarter to use an attorney. (*E.g., id.* at 7 ["now let's talk about the risk of you going pro se, because if you represent yourself, you are making a decision that I do not recommend, because Mr. Falconer is a lawyer who understands the criminal law of this Court, and he's very good at filing motions and bringing legal issues to the Court."]; *Id.* at 9 ["Mr. Falconer can do legal research for you. So if you don't have an attorney with you, how are you going to be able to present your motions to me?"]; *Id.* at 9-10 ["You do realize, though, that because he has the experience, it would be much smarter for you to have a lawyer to help defend you in a criminal matter, right? Do you understand that?"].) In response Jones stated that he understood (*Id.* at 10) and then subsequently stated that "[r]ight now this Court do not seem to understand that I do not wish to have the representation from the Court." (*Id.* at 11.) However,

---

[2] In *Faretta,* the Supreme Court held that a criminal defendant is entitled to waive his right to counsel and to conduct his own defense when he knowingly and intentionally elects to do so. *See* 422 U.S. at 835. To determine whether a defendant's election is knowing and informed, the Seventh Circuit considers: (1) whether and to what extent the district court conducted a formal hearing into the defendant's decision to represent himself; (2) other evidence in the record that establishes whether the defendant understood the dangers and disadvantages of self-representation; (3) the background and experience of the defendant; and (4) the context of the defendant's decision to waive his right to counsel. *See United States v. Todd,* 424 F.3d 528, 530 (7th Cir. 2005) (citing *United States v. Avery,* 208 F.3d 597, 601 (7th Cir. 2000)). However, "[t]he most reliable way for a district court to ensure that the defendant has been adequately warned of the dangers and disadvantages of self-representation is to conduct a formal inquiry." *Id.* at 530-31.

the Court again gave Jones an opportunity to change his mind. The Court and Jones had the following exchange:

> The Court: Okay. And are you also aware that you don't have the same training that Mr. Falconer has?
>
> Jones: Yes.
>
> The Court: Okay. So you understand that you're going to be treated, though, as if you know the laws of the Court, so when you move forward, you don't get any special treatment regarding knowledge of the laws. Do you understand that?
>
> Jones: Yes, I understand that also.
>
> The Court: Okay. You can read and write, because I've seen the affidavits, right? There's no difficulty with reading or writing. Is that right?
>
> Jones. Right.
>
> The Court: Okay. And you're choosing voluntarily to not use Mr. Falconer, right?
>
> Jones: Yes.
>
> The Court: Okay. And you are going to move forward without any representation knowing you have to file --- follow the rules of the Court in spite of that. Do you understand that?
>
> Jones: Yes.

(*Id.* at 11-12.)

The Court also established that Jones: (1) graduated from high school (*Id.* at 7); (2) had taken a few college courses (*Id.* at 7-8); (3) can read and write (*Id.* at 11-12, 14); (4) had never been treated for a mental health illness (*Id.* at 13, 14); and (5) had never suffered from a drug or alcohol problem (*Id.* at 14.). Mr. Falconer informed the Court that he believed that Jones was competent to stand trial. (*Id.* at 12.) The Court also found that Jones was articulate, capable of responding to the Court's questions and competent even though he used some peculiar

5

terminology. (*Id.* at 15.) Therefore, the Court allowed Jones to represent himself *pro se* and appointed Mr. Falconer to serve as standby counsel. (*Id.*)

Additionally, based on Jones's representations to the Court, the Court ruled that it would treat Jones's various "affidavits" as a motion to dismiss the indictment for lack of jurisdiction.[3] (*Id.* at 7 [Court: "Do you want me to take the affidavits that were filed on February 25th and treat them as a motion to dismiss the indictment for lack of jurisdiction?" Jones: "As a motion to dismiss the indictment, yes."].) After the Government filed a consolidated response brief to Jones's various affidavits (Doc. 58), Jones filed seven more "affidavits."[4] The Court treats these additional "affidavits" as replies to the Government's consolidated response.

## DISCUSSION

### I. The Court Has Subject Matter Jurisdiction Over Jones's Criminal Case

Jones's affidavits argue generally that this Court lacks subject matter jurisdiction over his case. (*E.g.,* Docs. 42, 52, 55.) Title 18 U.S.C. § 3231 provides that "[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." Jones is charged with violating 21 U.S.C. § 841(a)(1), the federal law prohibiting the distribution or possession with intent to distribute controlled substances. Therefore, since Jones is charged with an offense against the law of the United States, the Court has jurisdiction over Jones's criminal case.

---

[3] *See also* Court's Minute Entry at Doc. 57. ("The Court will treat affidavits 42-45 [and] 50-56 that were filed 12/11/2012, 1/28/2013 and 2/25/2013, as a motion to dismiss for lack of jurisdiction.")

[4] These affidavits were filed as Docs. 60-66 and 69. The Affidavit of Truth and Fact that was filed at docket number 69 was filed approximately two months after the other affidavits were filed. However, it raises the exact same "sovereign citizen" issues that were raised by Jones's previous "affidavits." Thus, this Court's opinion addresses that affidavit as well.

Jones's argument that this Court lacks jurisdiction because federal jurisdiction exists only in federal territories and not the individual states is frivolous. *See United States v. Philips,* 326 Fed. Appx. 400 (7th Cir. 2009) (holding that argument "district courts lack subject-matter jurisdiction over all crimes not committed on federal property" was "unpersuasive" as "district courts in fact have exclusive subject-matter jurisdiction over 'all offenses against the laws of the United States.'") (quoting 18 U.S.C. § 3231); *United States v. Sloan,* 939 F.2d 499, 501 (7th Cir. 1991) (stating that a claim that subject matter jurisdiction exists only for offenses committed in federal territories and enclaves is "simply wrong."); *United States v. Jones,* 983 F.2d 1425, 1428 (7th Cir. 1993) (finding challenge to federal territorial jurisdiction frivolous); *see also United States v. Mundt,* 29 F.3d 233, 237 (6th Cir. 1994) (finding an argument that jurisdiction only applies in federal territories is "completely without merit and patently frivolous."). Accordingly, this Court is vested with subject matter jurisdiction to preside over this case.[5]

## II. Title 18 U.S.C. § 3231 Is Constitutional

Jones also contends that this Court lacks jurisdiction over his case because 18 U.S.C. § 3231, the statute that vests this Court with original jurisdiction, is unconstitutional. Jones argues the statute is unconstitutional because: (1) the bill voted on by the House was not the same as the bill voted on by the Senate and only the Senate bill was signed by the President; and (2) the

---

[5] At various points Jones also vaguely challenges whether this Court has personal jurisdiction over him and whether venue is proper in this Court. (*E.g.,* Docs. 52, 65.) This Court has personal jurisdiction over the Defendant because he is present in the United States and has appeared before this Court. *See United States v. Burke,* 425 F.3d 400, 408 (7th Cir. 2005) ("Personal jurisdiction is supplied by the fact that [defendant] is in the territory of the United States"); *United States v. Donelson,* 326 Fed. Appx. 938, 940 (7th Cir. 2009) ("[A] district court has personal jurisdiction over any defendant who is brought before the court, regardless of whether the defendant consents."). Venue is proper in this Court because the crime is alleged to have been committed within the Northern District of Illinois. *See* Fed. R. Crim. P. 18.

statute violates the Quorum Clause because it was passed without a quorum in the House of Representatives. (Doc. 45.) Neither of these arguments have merit.

First, they are both foreclosed by the enrolled-bill rule. This rule provides that if a bill is certified by the presiding officer of each chamber of Congress, the bill is "complete and unimpeachable." *See Marshall Field & Co. v. Clark,* 143 U.S. 649, 672 (1892); *United States v. Thomas,* 788 F.2d 1250, 1252 (7th Cir. 1986); *United States v. Farmer,* 583 F.3d 131, 151-52 (2d Cir. 2009). Since 18 U.S.C. § 3231 was certified by the Speaker of the House and the President *pro tempore* of the Senate, it may not be attacked on the grounds advocated by Jones. *See United States v. Small,* 487 Fed. Appx. 302, 303 (7th Cir. 2012) (holding that argument that § 3231 is invalid because it was passed without a quorum in the House of Representatives is "foreclosed by the 'enrolled-bill rule.'"); *United States v. Miles,* 244 Fed. Appx. 31, 33 (7th Cir. 2007) (rejecting Presentment clause argument with respect to § 3231 because "if the Speaker of the House and the President *pro tempore* of the Senate attest that a bill has been duly passed, the enrolled-bill rule prevents us from going behind the bill in the manner [the defendant] proposes to evaluate whether the bill satisfied the constitutional requirement that it pass both houses of Congress.").

Jones's arguments are also factually incorrect. First, the House passed the bill in the first session of the 80th Congress and the Senate in the second, with the House then voting to pass the Senate version. *See Miles,* 244 Fed. Appx. at 33. Second, the Journal of the House of Representatives, the official record of the House, establishes that a quorum was present when H.R. 3190 – the law that later became Title 18 of the United States Code (including 18 U.S.C. § 3231) – was passed on May 12, 1947. The Journal states that 297 Members were present on May 12, 1947, that number constituted a quorum and that H.R. 3190 was read and passed by the

House at this time. *See* H. Journal 80th Cong., 1st Sess. 341, 343-44 (1947); *see also, e.g., United States v. Levy,* 849 F. Supp. 2d 1353, 1356 (S.D. Fla. 2012) ("the Journal of the House of Representatives establishes that a quorum was present on May 12, 1947, when the House voted to pass H.R. 3190); *cf United States v. Ballin,* 144 U.S. 1, 4 (1892) (holding that the Journal of the House of Representatives "must be assumed to speak the truth"). Therefore, Jones's argument that 18 U.S.C. § 3231 is unconstitutional is both legally and factually meritless.

### III.  The Indictment Is Valid

Jones's next argument for why the indictment should be dismissed is that it is invalid because there is no evidence of a recorded vote by the grand jury with a form identifying the names of the grand jurors. This argument also fails. First, docket entry no. 1 in this case is the Indictment returned by the Grand Jury that charges Jones with distribution of crack-cocaine. That in itself is evidence of a recorded vote by the Grand Jury. Second, a criminal defendant is only entitled to the names of the Grand Jurors who indicted him only if he "demonstrates with particularity that grounds might exist for a motion to dismiss based on materials concerning the grand jury." *United States v. Tepoel,* 317 Fed. Appx. 549, 551 (7th Cir. 2009) (citing Fed. R. Crim. P. 6(e)(3)(E)(ii)); *see also United States v. Sells Eng'g, Inc.,* 463 U.S. 418, 443 (1983); *United States v. Lang,* 644 F.2d 1232, 1238-39 (7th Cir. 1981). Jones's vague assertions about what may or may not have happened in the Grand Jury do not come close to making this showing.

### IV.  Jones's "Sovereign Citizen" Arguments Are Meritless

Jones also argues that he is immune from prosecution within this Court because he is "a Moorish National of the Moorish National government of the Republic of Illinois" and not a "Fourteenth Amendment Citizen" or "United States Citizen or Subject." (*E.g.,* Doc. 44, 56.)

This argument is frivolous and may be summarily rejected. *See United States v. Benabe,* 654 F.3d 753, 767 (7th Cir. 2011) (directing district courts to summarily reject sovereign citizen theories of immunity from prosecution).[6]

## **CONCLUSION**

For the reasons set forth above, Defendant Anthony Jones's motion to dismiss the Indictment for lack of jurisdiction is denied.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: July 1, 2013

---

[6] Jones also moved to be able to represent himself in this case. (Doc. 54.) The Court allowed Jones to proceed *pro se* on March 4, 2013 so this motion is denied as moot. Jones has also requested to a receive "a certified copy of the 'Certified Delegation of Authority Order' issued to The United States District Court for the District of Illinois, and confirmed by Congress." (Doc. 51.) The Court does not know what Jones is asking for; however, as explained above, this Court has original jurisdiction over this case pursuant to 18 U.S.C. § 3231, which was passed by Congress.